IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANILO CRUZ et al., | : | CIVIL ACTION |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| STATE FARM INSURANCE CO., | : | NO. 12-cv-1629 |
|     Defendant. | : | |

MEMORANDUM ORDER

AND NOW, this 19th day of April, 2012, upon consideration of Defendant State Farm's Motion to Dismiss (Doc. No. 3) and Plaintiffs' opposition thereto (Doc. No. 5), it is hereby ORDERED that said Motion to Dismiss (Doc. No. 3) is DENIED AS MOOT, as we lack subject matter jurisdiction to adjudicate this dispute.

This matter is hereby REMANDED to the Lehigh County Court of Common Pleas. The Clerk of Court is directed to close this case for statistical purposes.

This civil action concerns the underinsured motorist claims of Plaintiffs Danilo Cruz and Janet Taveras against Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). Plaintiffs filed this case in the Lehigh County Court of Common Pleas, and State Farm removed the action to this Court on the basis of diversity jurisdiction. (See Doc. No. 1). Properly calculated, the amount in controversy does not exceed $75,000. Therefore, State Farm's removal was improper, and we lack jurisdiction over this matter.

Under 28 U.S.C. § 1332(a), we have diversity jurisdiction only if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." In the

removal context, the defendant bears the burden of showing that federal jurisdiction exists. Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand." Id. (citation omitted); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Relevant to this case, a plaintiff is 'master of her own claim' and therefore may limit her claims to avoid federal subject matter jurisdiction. Morgan v. Gay, 471 F.3d 469, 474 (3d Cir. 2006). Where a plaintiff expressly limits her claim below the jurisdictional minimum in the complaint, "a defendant seeking removal must prove to a legal certainty that plaintiff can recover the jurisdictional amount." Frederico v. Home Depot, 507 F.3d 188, 196-97 (3d Cir.2007) (citation omitted).

Finally, claims may not be aggregated among multiple plaintiffs to reach the required amount in controversy. Rather, each plaintiff's claim must stand on its own. See 14AA Charles Alan Wright et al., Fed. Prac. & Proc. Juris. § 3704 (4th ed. 2012) ("If two plaintiffs each have a $38,000 non-federal claim against a single defendant, however, it is . . . clear that they may not aggregate their claims in a single action for amount in controversy purposes and may not sue in a federal court no matter how similar the claims may be so long as the claims are regarded as 'separate and distinct.'").

Here, Plaintiff Cruz seeks $50,000 (Count 1), Plaintiff Taveras seeks $50,000 (Count 2), and both seek punitive damages (Count 3). In its removal petition, State Farm contends that

"[t]he amount in controversy exceeds the jurisdictional amount of $75,000.00 because both Plaintiffs are seeking underinsured motorist benefits, each in the amount of $50,000.00, for a total amount of $100,000.00 plus costs (Counts I and II)." (Doc. No. 1 ¶ 19). This reflects an incorrect understanding of the law. We cannot aggregate Counts 1 and 2, two separate claims by two distinct plaintiffs, for jurisdictional purposes. Id.

State Farm also argues (correctly) that non-frivolous punitive damage claims may be considered in determining whether the amount in controversy requirement has been satisfied. (Doc. No. 1 ¶¶ 19-21). However, State Farm fails to mention that the complaint explicitly limits each Plaintiff's demand, inclusive of punitive damages, to $50,000. (Doc. No. 1-2, at 7 ("WHEREFORE, Plaintiff demands that judgment be entered in their favor, and against Defendant, *in an amount for each within the compulsory arbitration jurisdiction limits* [$50,000]")). This puts the burden on State Farm to prove to a legal certainty that either Cruz or Taveras can recover the jurisdictional amount, i.e., more than $75,000. See Frederico, 507 F.3d at 196-97. Undoubtedly, State Farm has not met that burden here. Nothing in the complaint or State Farm's removal petition proves to a legal certainty that either Plaintiff can recover more than $75,000 in this action. In any event, we must resolve all doubts regarding the jurisdictional amount in favor of remand. Abels, 770 F.2d at 29.

Two other factors lend support to our conclusion that State Farm cannot possibly believe that more than $75,000 is actually at stake in this matter. First, based on State Farm's apparent offers to Cruz ($2,000) and Taveras ($1,000) (Doc. No. 1 ¶ 9), State Farm obviously thinks this is a low-value case. Second, State Farm's motion to dismiss Plaintiffs' bad faith claim (Doc. No. 3) evidences State Farm's belief that Plaintiffs will not, and indeed *cannot as a matter of law*,

recover punitive damages in this action.

To be frank, we were surprised to see State Farm's motion to dismiss. State Farm removed this matter on April 2, 2012, relying on Plaintiffs' bad faith claim seeking punitive damages to satisfy the requisite jurisdictional amount. In doing so, State Farm implicitly represented to this Court that punitive damages are, at the very least, in controversy. Then, a mere one (1) week later, State Farm filed a Rule 12(b)(6) motion to dismiss the punitive damages claim as insufficient as a matter of law, stating that "[t]here are no facts to make the accusations plausible on their face." (Doc. No. 3-3, at 9). In fact, State Farm felt so strongly about the baselessness of the punitive damages claim that State Farm asked us to strike the "outrageous" bad faith allegations from the complaint. (Id. at 6-7). We believe State Farm's "remove-and-dismiss" tactics do not honor the spirit of diversity jurisdiction.

To conclude, we DENY State Farm's Motion to Dismiss (Doc. No. 3) as moot, because we lack subject matter jurisdiction over this controversy. Accordingly, we REMAND this case to the Lehigh County Court of Common Pleas. The Clerk of Court is directed to close this case for statistical purposes.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.